IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Ford, | ) | C/A No.: 1:13-1618-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Director Jon Ozmint, Warden Wayne McCabe, and Nurse Practitioner E. Holcomb, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Christopher Ford, proceeding pro se and in forma pauperis, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at Lieber Correctional Institution ("LCI") in the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff sues former SCDC Director Jon Ozmint, LCI Warden Wayne McCabe, and Nurse Practitioner Elizabeth Holcombe[1] for the alleged failure to provide him adequate medical care at LCI. This matter comes before the court on Defendants' motion to dismiss. [Entry #16]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #18]. The motion having been fully briefed [Entry #24], it is ripe for disposition.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. Having carefully considered the parties' submissions and the record in this

---

[1] Defendants indicate that Elizabeth Holcombe is the correct spelling of her name.

case, the undersigned recommends the district judge grant Defendants' motion to dismiss.

I.      Factual and Procedural Background

Plaintiff alleges that he has a spinal injury resulting in numbness on his left side from the middle of his chest down. [Entry #1 at 3]. According to his complaint, he was evaluated by Dr. Babb at LCI and was sent to Trident Regional Medical Center for an MRI and further evaluation. *Id*. He alleges that he was diagnosed with Brown-Séquard's syndrome[2] and that a nurse told him that he needed therapy. Plaintiff claims that he was unable to receive therapy because he was being housed in a segregated unit. *Id*. at 3–4. He further claims that even though he was sent to Richland Memorial Hospital where he was evaluated by a neurologist, he does not feel that the neurologist gave him a complete examination because he remained in shackles. *Id*. at 4. Plaintiff claims that Defendants denied him medical care by failing to ensure he received a thorough neurological examination, by failing to treat the complications that resulted in his spinal injury, and by housing him in an area that is inadequate for a person with a spinal cord injury. *Id*. at 6.

II.     Discussion

   A.   Standard on Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp.*

---

[2] Brown-Sequard syndrome is a "neurological condition characterized by a lesion in the spinal cord which results in weakness or paralysis . . . on one side of the body and a loss of sensation . . . on the opposite side." Brown–Sequard Syndrome Information Page, Nat'l Inst. of Neurological Disorders & Stroke (Nov. 25, 2013), http://www.ninds.nih.gov/disorders/brown _ sequard/brown-sequard.htm.

*v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

Defendants argue that to the extent Plaintiff attempts to bring a claim for medical malpractice, he has failed to comply with the requirements of S.C. Code Ann. § 15-36-100 and § 15-79-125, *et seq.*, for filing medical malpractice actions. Specifically,

3

Defendants contend that Plaintiff failed to contemporaneously file an expert witness affidavit prior to filing the complaint. In response, Plaintiff states that if the court appointed an expert, the expert would confirm his allegations. [Entry #24 at 8]. The court does not appoint experts for plaintiffs in civil cases. *Boring v. Kozakiewicz*, 833 F.2d 468 (3d Cir.1987) (upholding the district court's denial of a civil plaintiff's request for funds to pay an expert medical witness and observing that neither 28 U.S.C. § 1915 nor any other authority provides for such funding). Therefore, to the extent Plaintff's complaint asserts claims of medical malpractice, such claims should be dismissed because he failed to comply with the statute's requirements for filing a medical malpractice claim.

Plaintiff's claims for deliberate indifference to his serious medical needs, based on Defendants' alleged denial of adequate medical care, remain pending.

III.    Conclusion

For the foregoing reasons, it is recommended that the court grant Defendants' motion to dismiss [Entry #16] Plaintiff's cause of action for medical malpractice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

November 25, 2013                              Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

4

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).