IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Ford, | ) | C/A No.: 1:13-1618-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Director Jon Ozmint; Warden Wayne | ) | |
| McCabe; and Nurse Practitioner E. | ) | |
| Holcomb, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Christopher Ford, proceeding pro se and in forma pauperis, is
incarcerated at Lieber Correctional Institution ("LCI") in the custody of the South
Carolina Department of Corrections ("SCDC"). He filed his complaint pursuant to 42
U.S.C. § 1983, alleging that Director Jon Ozmint, Warden Wayne McCabe, and Nurse
Practitioner E. Holcomb ("Defendants") were deliberately indifferent to his serious
medical needs.

This matter comes before the court on Defendants' motion for summary judgment
[Entry #29]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court
advised Plaintiff of the summary judgment procedures and the possible consequences if
he failed to respond adequately to Defendants' motion. [Entry #30]. The motion having
been fully briefed [Entry #36], it is ripe for disposition.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule
73.02(B)(2)(d) (D.S.C.), this matter has been assigned to the undersigned for all pretrial
proceedings. Because this motion is dispositive, the undersigned submits this report and

recommendation for the district judge's consideration. For the following reasons, the undersigned recommends Defendants' motion [Entry #29] be granted.

I.      Factual and Procedural Background

Plaintiff alleges he injured his spine on August 15, 2011, and was subsequently diagnosed with Brown-Sequard syndrome.[1] [Entry #1 at 3]. Plaintiff contends he did not receive therapy or room accommodations for his condition because he was housed in the segregation unit, and despite his repeated requests for medical treatment, he has not received proper care. *Id.* Plaintiff alleges that his May 9, 2012, examination by a neurologist at Richland Memorial Hospital was untimely and incomplete because his hand and leg restraints were not removed. [Entry #36 at 3–4, #1 at 4]. Plaintiff contends that his condition should be treated with high dose steroids. [Entry #1 at 4]. Plaintiff argues that when he informed defendant Holcomb that his examination was incomplete and requested steroids, she told him it was too late for steroid treatment, without explaining why he did not receive steroids earlier. *Id.* at 4–5. Plaintiff alleges he suffers from back pain, spasms in his left leg, and temperature sensation in his right leg that cause him extreme agony. *Id.* at 5. He seeks monetary and injunctive relief. *Id.* at 7.

---

[1]  Brown-Sequard syndrome is a rare neurological condition characterized by a lesion in the spinal cord which results in weakness or paralysis (hemiparaplegia) on one side of the body and a loss of sensation (hemianesthesia) on the opposite side. http://www.ninds.nih.gov/disorders/brown_sequard/brown-sequard.htm (last visited on May 29, 2014).

II.    Discussion

A.    Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319

3

(1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

      B.     Analysis

          1.     Exhaustion of Administrative Remedies

Defendants move for summary judgment arguing Plaintiff failed to exhaust his administrative remedies because he did not appeal the denial of his Step 2 grievance to the South Carolina Administrative Law Court ("ALC"). [Entry #29-1 at 7–8]. However, Plaintiff is not required to appeal a decision on a Step 2 grievance to exhaust a medical indifference claim. *See Johnson v. Ozmint*, 567 F.Supp.2d 806, 820, n. 5 (D.S.C. 2008); *Duncan v. Langestein*, No. 07-268, 2008 WL 153975 at \*5 (D.S.C. Jan. 14, 2008) (citing *Charles v. Ozmint*, No. 05-2187, 2006 WL 1341267 at \*4 n. 4 (D.S.C. May 15, 2006) (recognizing that completion of Step 2 grievance exhausts administrative remedies and § 1997(a) does not require inmates to further appeal to ALC)). Therefore, Defendants' affirmative defense that Plaintiff failed to exhaust his administrative remedies is unavailing.

          2.     Medical Indifference

Plaintiff alleges that Defendants did not provide him treatment for complications arising from his spinal injury, that defendant Holcomb failed to provide him a thorough neurological exam, and that defendant McCabe denied him medical treatment by housing Plaintiff in a unit that is not equipped for inmates with a spinal injury. [Entry #1 at 6]. In

4

his response, Plaintiff specifies that SCDC physicians Drs. Babb and Moore allegedly recommended on August 22, 2011, that he receive a neurosurgical evaluation and physical therapy, but that he did not see a neurologist until nine months later. [Entry #36 at 3]. Plaintiff appears to argue that the delay made it too late for him to receive steroids or any other treatment. *Id.* Plaintiff also argues that he never had an appointment with a physical therapist. *Id.* at 2.[2]

Defendants deny they were deliberately indifferent to Plaintiff's medical needs. [Entry #29-1 at 11]. Defendants argue that Plaintiff was seen by prison medical personnel and examined by an outside neurologist, an emergency medicine physician, and a neurosurgeon, none of whom recommended Plaintiff receive steroids after their examinations. [Entry #29-2 at 1–17].  Defendants contend there was no medical basis for Holcomb to prescribe steroids for Plaintiff and no evidence existed to warrant further treatment. *Id.* Defendants argue that Plaintiff's disagreement with his course of medical treatment is not actionable in a civil rights action, and that he cannot show McCabe's failure to move him to a spinal cord injury unit was unconstitutional. [Entry #29-1 at 12–14.]

In the case of *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments that "involve the unnecessary and

---

[2] In his response, Plaintiff alleges that after he suffered the spinal injury, he was assaulted by another inmate "due to the negligence and deliberate indifference of Defendants." [Entry #35 at 6]. To the extent Plaintiff now seeks, for the first time, to bring a failure to protect claim, the undersigned finds that this matter is not properly before the court, and the deadline for Plaintiff to amend his pleadings has expired.

wanton infliction of pain." *Id.* at 103 (quoting *Gregg v. Georgia*, 428 U.S. 153, 169–73 (1976)). The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

*Estelle*, 429 U.S. at 103–105 (citations and footnotes omitted). Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation.

The Fourth Circuit also considered this issue in the case of *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id.* at 851 (citations omitted). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Sosebee v. Murphy*, 797 F.2d 179, 182–83 (4th Cir. 1986). A significant delay in medical treatment may give rise to a constitutional violation, but only if the delay results in substantial harm to the patient. *Webb v. Hamidullah*, 281 Fed. Appx. 159, 166 (4th Cir. 2008). Substantial harm may be most

persuasively demonstrated where the delay in treatment causes further injury to the inmate, but the requirement may also be met where the delay causes unnecessarily prolonged pain and suffering. *Webb v. Driver*, 313 Fed. Appx. 591, 593 (4th Cir. 2008).

Plaintiff's allegations concerning his delayed neurological examination do not rise to the level of substantial harm necessary to make the delay actionable. The record demonstrates that Plaintiff received treatment for his condition, both inside the prison and by outside physicians. [Entry #29-2 at 1–17]. Plaintiff has not provided evidence that the alleged treatment delay caused him additional injury, and his reliance on his own speculation is insufficient to survive summary judgment. Additionally, Plaintiff's belief that he should have received additional or different treatment does not constitute deliberate indifference to his serious medical needs. The Constitution requires that prisoners be provided with a certain minimum level of medical treatment, but it does not guarantee to a prisoner the treatment of his choice. *Thomas v. Anderson City Jail*, No. 6:10-3270-RMG-KFM, 2011 WL 442053, at *3 (D.S.C. Jan. 19, 2011)*; Jackson v. Fair*, 846 F. 2d 811, 817 (1st Cir. 1988). Further, a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. *See Brown v. Thompson*, 868 F.Supp. 326, 331 (S.D.Ga. 1994) (finding that although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary). Accordingly, the undersigned recommends Defendants be granted summary judgment.

3.     Qualified Immunity

Defendants also move for summary judgment arguing that they are entitled to qualified immunity from Plaintiff's lawsuit.  [Entry # 29-1 at 14-16].  The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether the defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 818.

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct.  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case.  *Id.* at 236.

In *Maciariello v. Sumner*, 973 F.2d 295 (4th Cir. 1992), the Fourth Circuit further explained the theory of qualified immunity:

> Governmental officials performing discretionary functions are shielded from liability for money damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Moreover, there are two levels at which the immunity shield operates. First, the particular right must be clearly established in the law. Second, the manner in which this right applies to the actions of the official must also be apparent. Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.

*Maciariello*, 973 F.2d at 298.

In the instant case, Plaintiff has failed to establish any theory of liability upon the part of Defendants, and, furthermore, Plaintiff has failed to establish the existence of any constitutional deprivation. The record before the court shows that as to Plaintiff and the specific events at issue, these Defendants performed the discretionary functions of their respective official duties in an objectively reasonable fashion. They did not transgress any statutory or constitutional rights of Plaintiff that they were aware of in the discretionary exercise of their respective professional judgments. Thus, to the extent the district judge finds that a constitutional violation occurred, these Defendants are entitled to qualified immunity.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendants' motion for summary judgment [Entry #29] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

May 29, 2014                                    Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).